UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WYNN JONES (#405956)                                        CIVIL ACTION

VERSUS

WARDEN BENJAMIN, ET AL.                                     NO. 08-0812-JJB-CN

NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, January 26, 2009.

MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WYNN JONES (#405956)                                              CIVIL ACTION

VERSUS

WARDEN BENJAMIN, ET AL.                                           NO. 08-0812-JJB-CN

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Benjamin and Warden Burl Cain, alleging that defendant Benjamin violated the plaintiff's constitutional rights on December 8, 2008, by subjecting the plaintiff to excessive force while the plaintiff was fully restrained and offering no resistance.

In his original Complaint, the plaintiff acknowledged that whereas he commenced an administrative remedy proceeding ("ARP") at LSP relative to the claim asserted herein, he was "awaiting the results" and "couldn't await the process". He further asserted that he would forward the completed ARP to the Court when he received it from prison officials.

Pursuant to 28 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[1]  This provision is mandatory and applies broadly to "all suits about prison life". Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.ed.2d 12 (2002).

Although administrative exhaustion is an affirmative defense which

---

[1] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

a prisoner plaintiff is not required to plead or prove in his Complaint, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), where it is apparent from the face of the Complaint that an inmate has failed to exhaust the prison grievance procedures, a dismissal sua sponte is appropriate upon initial review for failure to state a claim upon which relief may be granted. See Tanner v. Federal Bureau of Prisons, 475 F.Supp.2d 103 (D.D.C. 2007). See also Clifford v. Louisiana, 2008 WL 2754737 (M.D. La. July 7, 2008).

In the instant case, the plaintiff admitted in his Complaint that his administrative remedies had not been exhausted at the time of filing. Accordingly, because the affirmative defense appears clear on the face of the Complaint, the plaintiff's Complaint is subject to dismissal, sua sponte, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

## RECOMMENDATION

It is recommended that this action be dismissed, without prejudice, as a result of the plaintiff's failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e.

Signed in chambers in Baton Rouge, Louisiana, January 26, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**